Jonathan B. Paul (SBN 215884)
Susan A. DeNardo (SBN 235166)
**RIVERA HEWITT PAUL LLP**
2355 Gold Meadow Way, Suite 170
Gold River, California 95670
T: 916-922-1200
F: 916-922-1303
E:  sdenardo@rhplawyers.com
E:  jpaul@rhplawyers.com

Attorneys for Defendants:
CITY OF MODESTO, SAMUEL MUNCY,
MARTIN LEMUS,ORRIN NELSON, YAIR
OAXACA, GALEN CAROLL, RICK
AMERNDARIZ, GRAIG GUNDLACH,
AND LEWIS SARGENT

Benjamin Nisenbaum, Esq.
James A. Cook. Esq.
John L. Burris, Esq.
Katherine Ann MacElhiney, Esq.
**BURRIS, NISENBAUM, CURRY & LACY
LLP**
7677 Oakport Street, Suite 1120
Oakland, CA 94621
T: 510-839-5200
F: 510-839-3882
E. ben.nisenbaum@bncllaw.com
E. james.cook@johnburrislaw.com
E: katherine@bncllaw.com

Attorneys for Plaintiffs:
Hu.H., individually and as co-successor-in interest
to Decedent SPENCER HERCKT; Ho.H.,
individually and as co-successor-in interest to
Decedent SPENCER HERCKT,

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hu.H., individually and as co-successor-in interest to Decedent SPENCER HERCHT; Ho.H., individually and as co-successor-in interest to Decedent SPENCER HERCKT,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF MODESTO, et al.,<br><br>       Defendants, | Case No. 2:25-cv-01301-DJC-JDP<br><br>**STIPULATED PROTECTIVE ORDER RE; PERSONNEL RECORDS; [PROPOSED]ORDER** |

Hu.H., individually and as co-successor-in interest to Decedent SPENCER HERCKT; Ho.H., individually and as co-successor-in interest to Decedent SPENCER HERCKT ("Plaintiff's") and CITY OF MODESTO, SAMUEL MUNCY, MARTIN LEMUS,ORRIN NELSON, YAIR OAXACA, GALEN CAROLL, RICK AMERNDARIZ, GRAIG GUNDLACH, AND LEWIS SARGENT ("Defendants") submit the following stipulated protective order.

///

///

**STIPULATED PROTECTIVE ORDER**

**A.    PURPOSE AND LIMITATION**

Defendants believe that the disclosure and discovery activity concerning the materials described in this stipulated protective order is likely to involve production of information for which protection from public disclosure would be warranted. The parties acknowledge that this protective order does not confer blanket protections on all disclosures or discovery activity, and that the protection it affords extends only to the limited information or items that are entitled to such protection under Federal Rule of Civil Procedure 26(c). The parties further acknowledge that this stipulated protective order does not entitle any party to file information designated as protected or confidential under seal, where Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

**B.    DEFINITIONS**

The following definitions shall apply to this Protective Order:

1.    The "Action" shall mean and refer to the above-captioned matter and any appeal from the Action, through final judgment.

2.    "Documents" or "Confidential Documents" shall mean the Documents that plaintiff or defendants designate as "Confidential" in the manner set forth in this Protective Order.

3.    "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4.    "Defendants" shall mean CITY OF MODESTO, SAMUEL MUNCY, MARTIN LEMUS, ORRIN NELSON, YAIR OAXACA, GALEN CAROLL, RICK AMERNDARIZ, GRAIG GUNDLACH, AND LEWIS SARGENT and any other named defendant currently or

formerly employed with CITY OF MODESTO.

5.    "Plaintiffs" shall mean Hu. H., individually and as co-successor-in interest to Decedent SPENCER HERCKT; Ho. H., individually and as co-successor-in interest to Decedent SPENCER HERCKT,

6.    "Parties" shall mean Plaintiffs and Defendants, identified above.

**C.    INFORMATION COVERED**

Covered Information:

Pursuant to Local Rule 141.1(c)(1), a description of the information eligible for protection under this stipulated protective order is limited to the following (except to the extent that the information is otherwise available to the public or subject to disclosure, including pursuant to California Penal Code § 832.7):

1.    Officer personnel records that are not subject to disclosure under California Penal Code § 832.7.

Particularized Need for Protection:

Pursuant to Local Rule 141.1(c)(2), Defendants assert that there exists a specific, particularized need for protection as to the information covered by this stipulated protective order. Defendants represent to the Court and Plaintiffs that the materials designated to be covered by this stipulated protective order are limited solely to those which would qualify for protection under Federal Rule of Civil Procedure 26(c) and does not include information designated on a blanket or indiscriminate basis. *See*, *e.g.*, *In Re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

Showing of Need for a Protective Order:

Pursuant to Local Rule 141.1(c)(3), protection afforded by this stipulated protective order is for the convenience of Defendants and the Court. Defendants seek to avoid litigation and expenditure of resources concerning a potential motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). The entry of this stipulated protective order may prevent the parties and the Court from conducting the usual document-by-document analysis necessary to obtain protection, in favor of a procedure whereby presumptive protection is afforded based on

Defendants' good faith representations of the need for protection. *See*, *e.g.*, *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986) ("[T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head."). As a result, production may be made with this stipulated protective order in place and, if necessary, it will permit discrete and narrowed challenges to documents designated for protection.

**D.      TERMS OF THE PROTECTIVE ORDER**

The following terms apply to documents designated as "Confidential" by Plaintiffs or Defendants and produced subject to the following Protective Order:

1.      The Confidential Documents shall be used solely in connection with the civil case *Hu.H et al., v. City of Modesto, et al*, E.D. Cal. Case No. 2:25-cv-01301-DJC-JDP and in the preparation and trial of said case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

2.      The "Designating Party" will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."

3.      The Confidential Documents may only be disclosed to the following persons:

a)      Counsel for Plaintiff, including partners and associate attorneys in their offices, as counsel for Plaintiff in this case;

b)      Counsel for Defendants, including partners and associate attorneys in their offices, as counsel for Defendants in this case;

c)      Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts a) and b), including stenographic deposition reporters or videographers retained in connection with this action;

d)      Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

e)      Any expert, consultant, or investigator retained in connection with this action; however, such persons must be advised of and abide by this protective order;

f)      The finder of fact at the time of trial, subject to the court's rulings on in

limine motions and objections of counsel; and

g) Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. Information covered by this stipulated protective order does not automatically entitle the parties to file such information or documents with the Court under seal. Any request to seal documents is governed by Local Rule 141. If the Confidential documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to Local Rule 141. If permission is granted, the Confidential documents will be filed and served in accordance with Local Rule 141.

5. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

6. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue – other forms of communication are not sufficient) within seven (7) days of the date of receiving notice of the challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion for protective order pursuant to

Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 within twenty-one (21) days of the initial notice of challenge. Failure by the Designating Party to make such a motion within twenty-one (21) days shall automatically waive the "Confidential" designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.      Should the Confidential documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this stipulated protective order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this stipulated protective order.

8.      The Confidential documents shall not lose their confidential status because they were inadvertently or unintentionally disclosed to a person not authorized to receive them under this stipulated protective order.

9.      After the conclusion of this litigation, the Confidential Documents will remain confidential, unless the Challenging Party has obtained removal of the confidentiality designations. "Conclusion" of this litigation means a final resolution of the case following a trial and/or appeal, settlement, or dismissal of the Action with prejudice for any other reason.

10.      The protections conferred by this stipulated protective order cover the information defined above, as well as any information copied from the materials. However, the protections conferred by this stipulated protective order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality.

11.    All Confidential Information covered by this Order will continue to be confidential if it remains the proper subject of a protective order under Federal Rule of Civil Procedure 26(c). Nothing in this section requires a party, its counsel, or consultants to delete discovery material which may reside on one or more backup tapes or other media maintained for purposes of disaster recovery, business continuity, or other reasons.

12.    This stipulated protective order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this stipulated protective order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action.

13.    The parties may request additional records to be subject to this stipulated protective order. If a party believes a document to be produced should be subject to this stipulated protective order, the parties must meet and confer. If there is agreement, the parties shall submit an amendment to this stipulated protective order to identify the additional documents. If the parties cannot agree, the party seeking protection shall file a motion for protective order pursuant to the terms of Local Rule 251.

14.    During the pendency of this lawsuit, the Court may (a) make such amendments, modifications, and/or additions to this stipulated protective order as deemed appropriate upon good cause shown; and (b) adjudicate any dispute arising under it.

IT IS SO STIPULATED.

///

///

///

DATE:  April 16, 2026

**RIVERA HEWITT PAUL LLP**

*/s/ Susan A. DeNardo*

SUSAN A. DENARDO
JONATHAN B. PAUL
Attorneys for Defendants:
CITY OF MODESTO, SAMUEL MUNCY, MARTIN LEMUS,ORRIN NELSON, YAIR OAXACA, GALEN CAROLL, RICK AMERNDARIZ, GRAIG GUNDLACH, AND LEWIS SARGENT

DATE: April 16, 2026

**BURRIS, NISENBAUM, CURRY & LACY LLP**

*/s/ Katherine A. MacElhiney*
(As authorized on 4/15/26)

BENJAMIN NISENBAUM
JAMES A. COOK
JOHN L. BURRIS
KATHERINE ANN MACELHINEY
Attorneys for Plaintiffs:
Hu.H., individually and as co-successor-in interest to Decedent SPENCER HERCKT; Ho.H., individually and as co-successor-in interest to Decedent SPENCER HERCKT,

STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER
Case No. 2:25-cv-01301-DJC-JDP

8

[PROPOSED] ORDER

GOOD CAUSE APPEARING, the parties' stipulated protective order is GRANTED;

**IT IS SO ORDERED.**

IT IS SO ORDERED.


Dated:    April 17, 2026                    _____
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE